Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| ATLANTIC ISLAND SERVICES, INC.<br><br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS DEL MUNICIPIO DE CAROLINA<br><br>Recurrida | TA2025RA00196 | *Revisión* procedente de la Junta de Subastas del Municipio de Carolina<br><br>Sobre: Impugnación de Adjudicación de Subasta 41/2024-2025, Limpieza, Mantenimiento, Fumigación y Ornato de Áreas Verdes en Instalaciones y Dependencias Municipales |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de agosto de 2025.

Comparece Atlantic Island Services, Inc. (en adelante, parte recurrente) mediante un *Recurso de Revisión* para solicitarnos la revisión de la *Determinación de adjudicación de subasta*, emitida el 11 de agosto de 2025,[1] y notificada al día siguiente,[2] por la Junta de Subastas del Municipio Autónomo de Carolina (en adelante, Junta de Subastas).

Por los fundamentos que expondremos, se *desestima* el recurso de revisión.

I

De los autos ante nuestra consideración, se desprende que, el 11 de agosto de 2025, la Junta de Subastas emitió una *Determinación de adjudicación de subasta* en torno a la Subasta

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA) a la Entrada Núm. 1, Apéndice 2.
[2] *Íd.*

41/2024-2025, sobre limpieza, mantenimiento, fumigación y ornato de áreas verdes en instalaciones y/o dependencias municipales.[3] La notificación de la adjudicación en cuestión fue realizada el 12 de agosto de 2025.[4]

Tras haber quedado insatisfecho con la determinación de la Junta de Subastas, el 25 de agosto de 2025, a las 5:03 p.m., la parte recurrente interpuso un *Recurso de Revisión Judicial*.[5]

Poco más de una hora después de haber presentado el recurso del título, pero, en esa misma fecha, a las 6:48 p.m., la parte recurrente instó una *Urgente moción informativa y en solicitud de orden*.[6] Adujo que el propósito de su escrito era explicar ciertas razones técnicas, tecnológicas y de programación de la nueva modalidad de radicación electrónica ante el Tribunal de Apelaciones, entiéndase, la radicación a través de la plataforma SUMAC, que le imposibilitó que pudiese radicar su recurso apelativo antes de la media noche del viernes, 22 de agosto de 2025. En su escrito, en suma, narró ciertos datos relacionados a las pantallas que utilizan los abogados y abogadas al momento de radicar un escrito ante esta Curia en la plataforma SUMAC. Expuso, que la misma no le proveía alternativas para nombrar a las partes del caso como "recurrente" y "recurrida", sino que la plataforma le requería nombrarlo como "demandante" y "demandado." Continuó su relato con ciertas gestiones que alegó haber realizado el 25 de agosto de 2025, a través de "los desarrolladores de la plataforma y el gerente de proyecto, mediante llamadas telefónicas, correos electrónicos y una reunión".

Por otro lado, explicó que, producto de las referidas comunicaciones, le indicaron que la programación requería que todos los recursos identificaran un demandante y un demandado

---

[3] SUMAC TA, a la Entrada Núm. 1, Apéndice 2.
[4] *Íd.*
[5] *Íd.*, a la Entrada Núm. 1.
[6] *Íd.,* a la Entrada Núm. 2.

para crear el epígrafe, y que había que hacerlo de esa forma para poder culminar el proceso de presentación de este. Añadió que, el señor Jorge Marrero Torres, Gerente de Proyectos, le informó que se comunicaría con la Secretaría del Tribunal de Apelaciones para indagar sobre la posibilidad de permitir la presentación del recurso durante ese día. Esgrimió que la información en respuesta fue básicamente, entrar la información en la plataforma SUMAC, según se le había expresado previamente, y que presentara un escrito a esta Curia, para explicar los tropiezos confrontados el día 22 de agosto de 2025, con la súplica de que este foro acogiera el recurso. Como parte de su escrito, admitió que presentó el recurso fuera del término jurisdiccional, alegando que fue por deficiencias y/o errores de programación de la plataforma SUMAC.

Luego, el 26 de agosto de 2025, la parte recurrente presentó una *Urgente moción solicitando orden en auxilio de jurisdicción.*[7]

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[8] este Tribunal tiene la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho". En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso de revisión, así como a la solicitud en auxilio de jurisdicción y procederemos a disponer del presente caso.

II

**A. La Revisión Judicial de las Subastas Municipales**

Los procesos de contratación de servicios por el gobierno central y por los municipios están revestidos del más alto interés

---

[7] SUMAC TA, a la Entrada Núm. 3.
[8] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

público.[9] Por ello, para la adquisición de servicios, ambos entes gubernamentales favorecen los vehículos procesales de la subasta tradicional y el requerimiento de propuesta —*request for proposal.*[10] Los antedichos procesos se utilizan primordialmente para proteger el erario del estado, "mediante el acceso a la construcción de obras públicas y la adquisición de servicios de calidad para el Gobierno al mejor precio posible".[11] Además, con ellos, se pretende evitar el dispendio, el favoritismo, la corrupción y el descuido al otorgar contratos, así como minimizar los riesgos de incumplimiento.

A pesar de que en Puerto Rico no existe legislación que regule los procedimientos de subasta, la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG) rige las etapas de reconsideración y revisión de judicial.[12] Ahora bien, dado a que los municipios están expresamente excluidos de la definición de agencia, no les aplican las disposiciones de la aludida ley.[13] A tales efectos, los procedimientos de subasta están regulados por el Código Municipal de Puerto Rico (Código Municipal).[14] El referido código derogó la Ley de Municipios Autónomos de Puerto Rico[15], y se aprobó con el fin de integrar, organizar y actualizar las leyes que disponen sobre la organización, administración y funcionamiento de los municipios.[16]

Respecto a la revisión judicial de las adjudicaciones realizadas por la Junta de Subasta de los municipios, el Código Municipal dispone que la solicitud de revisión debe presentarse dentro del

---

[9] *Super Asphalt v. AFI y otro*, 206 DPR 803, 820 (2021); *Caribbean Communications v. Pol. de P.R.,* 176 DPR 978, 994 (2009).
[10] *Super Asphalt v. AFI y otro*, supra, 820-821; *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525, 531 (2019).
[11] Ley Núm. 38- 2017, 3 LPRA sec. 960 *et seq*; *Super Asphalt v. AFI y otro*, supra, a la pág. 821; *Caribbean Communications v. Pol. de P.R.,* supra, a la pág. 994.
[12] *Super Asphalt v. AFI y otro*, supra, a la pág. 821; *PR Eco Park et al. v. Mun. de Yauco*, supra, a la pág. 533; *Caribbean Communications v. Pol. de P.R.,* supra, a la pág. 993.
[13] *PR Eco Park et al. v. Mun. de Yauco*, supra, 533.
[14] Ley Núm. 107 de 13 de agosto de 2020, 21 LPRA sec. 7011 *et seq.*
[15] Ley Núm. 81 de 30 de agosto de 1991, 21 LPRA sec. 4001 nota *et seq.* (derogada).
[16] Artículo 1.002 de la Ley Núm. 107, *supra*, 21 LPRA sec. 7002.

término jurisdiccional de diez (10) días, contados a partir de la notificación del acuerdo final o la adjudicación.[17] La notificación que se efectúe a las partes afectadas sobre la presentación del referido recurso deberá incluir: (i) el derecho de las partes afectadas de acudir ante el Tribunal de Apelaciones para la revisión judicial; (ii) término para apelar la decisión; (iii) fecha de archivo en auto de la copia de la notificación y a partir de qué fecha comenzará a transcurrir el término.[18]

### B. Las Directrices Administrativas del SUMAC

Las Directrices Administrativas para la Presentación y Notificación Electrónica de Documentos Mediante el Sistema Unificado de Manejo y Administración de Casos y el Formulario Interactivo (Directrices Administrativas del SUMAC), "[rigen] la presentación, la notificación y la tramitación electrónica de los escritos que formen parte de los procesos judiciales, a nivel de primera instancia y a nivel de los foros apelativos [. . .]".[19] De otra parte, estas directrices, regulan las responsabilidades y deberes de los abogados en el SUMAC.[20]

En cuanto a los problemas técnicos, las Directrices Administrativas del SUMAC disponen que:

> Los **problemas asociados al equipo y sistemas del usuario no eximirán del cumplimiento con los términos jurisdiccionales**, de estricto cumplimiento o de cualquier índole establecidos en las Reglas de Procedimiento Civil, las Reglas de Procedimiento Criminal, las Reglas para la Administración del Tribunal de Primera Instancia, el Reglamento del Tribunal de Apelaciones de Puerto Rico, el Reglamento del Tribunal Supremo de Puerto Rico, en cualquier legislación aplicable, o por orden judicial.[21]

Ahora bien, las referidas directrices proveen alternativas para aquellos abogados que se les dificulta presentar un documento por

---

[17] Artículo 1.050 de la Ley Núm. 107, *supra*, 21 LPRA sec. 7081.
[18] *Íd.*
[19] Sección III de las Directrices Administrativas del SUMAC, aprobadas mediante la OAJP-2013-173 de 10 de enero de 2014, según enmendadas.
[20] *Íd.*
[21] Sección XIX de las Directrices Administrativas del SUMAC, *supra.* (Énfasis suplido).

problemas técnicos con el Tribunal Electrónico. Específicamente, para cuando la plataforma se encuentre averiada o en mantenimiento.[22] Como *primera* alternativa, las directrices proponen que el representante legal de una parte puede presentar el escrito, personalmente, en la Secretaría del Tribunal con competencia sobre el caso o lo puede depositar en el buzón del Centro Judicial correspondiente.[23] Lo anterior, debe efectuarse antes del vencer el término aplicable y en el horario regular de 8:30 a.m. a 5:00 p.m.[24]

La *segunda* alternativa que proveen las directrices es presentar el escrito o documento —en formato PDF— a través de los correos electrónicos señalados por las referidas directrices.[25] Sin embargo, lo anterior, solo se autorizará por la Oficina de Administración de Tribunales en circunstancias particulares, y previa notificación a la comunidad jurídica.[26] Por último, como *tercera* alternativa, las directrices permiten, **en situaciones excepcionales, y cuando los problemas técnicos no sean atribuibles al Tribunal Electrónico**, que la representación legal de una parte envíe una moción acreditando los esfuerzos para acceder al sistema, al correo electrónico de la Región Judicial donde ubica el Tribunal con competencia sobre el caso, o al foro apelativo, o lo presentará personalmente en la Secretaría del Tribunal competente o lo depositará en el buzón de presentaciones del Centro Judicial correspondiente o foro apelativo, cuando así sea autorizado.[27]

Solo cuando se cumpla lo anterior, el Secretario del Tribunal tendrá el deber de cargar el documento a la plataforma y colocar como fecha de radicación, la fecha en la cual el documento fue

---

[22] Sección XIX de las Directrices Administrativas del SUMAC, *supra.*
[23] *Íd.*
[24] *Íd.*
[25] *Íd.*
[26] *Íd.*
[27] *Íd.*

depositado en el buzón de presentaciones o enviado a la dirección electrónica, y no la fecha en la cual se cargó electrónicamente el documento al SUMAC.[28]

### C. La Falta de Jurisdicción por Presentación Tardía

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[29] Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela, ni las partes pueden otorgársela.[30] Es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[31] Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada.[32] De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[33] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[34] De lo contrario, cualquier dictamen en los méritos será nulo y no podrá ejecutarse[35] Es decir, una sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por tanto, inexistente.[36]

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardíamente. Un recurso de revisión tardío es aquel que se presenta fuera del término

---

[28] Sección XIX de las Directrices Administrativas del SUMAC, *supra.*
[29] *R&B Power, Inc. v. Junta de Subasta ASG*, 213 DPR 685, 698 (2024); *AAA v. UIA*, 199 DPR 638, 651-652 (2018).
[30] *Ríos Martínez, Com. Alt. PNP v. CLE*, 196 DPR 289, 296 (2016).
[31] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).
[32] *R&B Power, Inc. v. Junta de Subasta ASG,* supra, a la pág. 698.
[33] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372 (2018).
[34] 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG,* a la pág. 698.
[35] *Bco. Santander v. Correa García*, 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007).
[36] *Montañez v. Policía de P.R.*, 150 DPR 917, 921-922 (2000).

disponible para ello.[37] Consecuentemente, este recurso adolece del grave e insubsanable defecto de falta de jurisdicción.[38] De manera que, su presentación carece de eficacia y no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.[39] Por otra parte, huelga señalar que desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro.[40]

Como corolario de lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones,[41] confiere facultad a este Tribunal para a iniciativa propia, o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción.

III

Según conoce la comunidad jurídica, hace varios años, el Poder Judicial de Puerto Rico inició la utilización del Sistema Unificado de Manejo y Administración de Casos (SUMAC), como la plataforma del Tribunal Electrónico para la presentación, notificación y tramitación electrónica de documentos ante el Tribunal de Primera Instancia. Posteriormente, el 16 de junio de 2025, este Tribunal de Apelaciones fue integrado a la referida plataforma SUMAC. Como resultado de la inminente integración, el 24 de abril de 2025, se aprobaron enmiendas a las Directrices Administrativas del SUMAC.[42] En consecuencia, todos los documentos a nivel apelativo deberán ser presentados electrónicamente a través del Tribunal Electrónico, el cual

---

[37] *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015).
[38] *Julia et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366 (2001).
[39] *Íd.*, a la pág. 367.
[40] *Yumac Home v. Empresas Massó*, supra, a la pág. 107.
[41] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 109-110, 215 DPR __ (2025).
[42] Véase OAJP-2025-131 de 24 de abril de 2025.

equivaldrá a la Secretaría del Tribunal al que se haya hecho extensiva su aplicación.[43]

Por otro lado, las referidas directrices, en su Sección XIX, proveen medidas para cuando se susciten situaciones asociadas a problemas técnicos del Tribunal Electrónico o porque la plataforma SUMAC se encuentre averiada o en mantenimiento.[44] En esa línea, las directrices disponen, en lo atinente, que, los problemas técnicos **no eximirán del cumplimiento con los términos jurisdiccionales**, de estricto cumplimiento o de cualquier índole establecidos en las Reglas de Procedimiento Civil, las Reglas del Tribunal de Primera Instancia, el Reglamento del Tribunal de Apelaciones o del Alto Foro, en cualquier legislación aplicable o por orden judicial.[45]

Ahora bien, cuando la representación legal de una parte no pueda presentar un documento por problemas técnicos del Tribunal Electrónico, ya sea por avería en la plataforma o mantenimiento, las guías proveen para que el escrito pueda presentarse personalmente en la Secretaría del Tribunal con competencia sobre el caso.[46] De igual forma, provee la alternativa de que el escrito pueda depositarse en el buzón de presentaciones del centro judicial correspondiente.[47] Empero, **dicha presentación debe ocurrir <u>antes</u> del vencimiento del término aplicable** y en el horario regular de 8:30 am a 5:00 p.m.[48]

Conviene mencionar que, en **circunstancias particulares**, previa notificación y autorización a la comunidad jurídica, por la Oficina de Administración de los Tribunales, se puedan presentar escritos y documentos a través de correo electrónico, de acuerdo con

---

[43] Sección VII de las Directrices Administrativas del SUMAC, *supra.*
[44] *Íd.*, Sección XIX.
[45] *Íd.*
[46] *Íd.*
[47] *Íd.*
[48] *Íd.*

la región judicial donde se encuentre presentado un caso.[49] Puntualizamos que, esta Curia también cuenta con una dirección de correo electrónico a esos fines.

Por otro lado, en **situaciones excepcionales**, cuando la representación legal de una parte no pueda presentar un documento por problemas técnicos **no** atribuibles al Tribunal Electrónico, deberá enviar una moción acreditando los esfuerzos realizados para acceder a la plataforma SUMAC, junto con el escrito (en formato PDF) al correo electrónico, en este caso al del Tribunal de Apelaciones.[50] También puede presentarlo personalmente en la Secretaría del Tribunal con competencia o depositarlo en el buzón de presentaciones, en este caso, el de este Tribunal de Apelaciones, cuando así sea autorizado.[51] En línea de lo anterior, su escrito debe contener lo relacionado en el Formulario D OAT 1728 *Declaración sobre Presentación Física o por Correo Electrónico de Moción por Problemas Técnicos del SUMAC.*[52] Entonces, una vez el SUMAC lo permita, será el Secretario o Secretaria quien cargará al expediente electrónico cualquier documento que hubiese sido presentado de las formas antes señaladas y, en tales supuestos, la fecha del reloj ponchador de la Secretaría o del buzón de presentaciones o la fecha del envío del correo electrónico, será la fecha de presentación y no la fecha en que se cargue electrónicamente el mismo al SUMAC.[53]

Visto lo anterior, y luego de haber realizado un recuento de todos los aspectos que se deben tomar en consideración, al momento en que un representante legal tiene ante sí la responsabilidad de radicar un recurso o algún escrito utilizando la plataforma SUMAC, analicemos el presente caso.

---

[49] Sección XIX de las Directrices Administrativas del SUMAC, *supra.*
[50] *Íd.*
[51] *Íd.*
[52] *Íd.*
[53] *Íd.*

Es norma harta conocida que, como Tribunal revisor, nos corresponde auscultar nuestra propia jurisdicción como paso previo a entender en los méritos de un recurso apelativo. Esto, puesto a que las cuestiones relacionadas a la jurisdicción deben ser resueltas con preferencia, puesto a que inciden directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[54] Por consiguiente, cuando este Tribunal carece de jurisdicción, lo apropiado es que desestimemos la reclamación, sin entrar en sus méritos.[55] A tenor, y luego de haber examinado los autos ante nuestra consideración, disponemos que en este caso no tenemos jurisdicción. Lo anterior, dado a que el presente recuso se presentó de manera tardía. Nos explicamos.

Es de ver que la adjudicación de la Subasta en este caso fue notificada a las partes el 12 de agosto de 2025. En consecuencia, la parte recurrente contaba con diez (10) días, desde que se notificó la misma, para acudir ante esta Curia mediante un recurso de revisión. Es decir, **la parte recurrente tenía hasta el 22 de agosto de 2025, a las 11:59 p.m.**, para presentar su recurso apelativo a través del SUMAC. Ahora bien, los autos ante nuestra consideración revelan que no fue hasta el 25 de agosto de 2025, a las 5:08 p.m. que, en efecto, el recurso de revisión fue presentado. Es decir, el recurso apelativo fue presentado el día número trece (13).

Según nuestra previa exposición doctrinal, debemos examinar las circunstancias que rodean el presente caso para determinar si en efecto contamos con jurisdicción para atender el recurso o si la única solución es desestimar el mismo. De entrada, destacamos que no surge de los autos que la comunidad jurídica hubiese sido alertada o notificada, para la fecha en que vencía el término de

---

[54] *Torres Alvarado v. Madera Atiles,* supra, a la pág. 500; *Fuentes Bonilla v. ELA et al.*, supra, a la pág. 372.
[55] *R&B Power, Inc. v. Junta de Subasta ASG,* supra, a la pág. 698.

radicación del recurso, sobre alguna **circunstancia particular** que impidiese la radicación a través del SUMAC. Tampoco surge de los autos que se hubiese invocado alguna **circunstancia excepcional**, que hubiese justificado que la parte presentara su escrito **de forma física, <u>previo</u> al vencimiento del término**. Empero, lo que se desprende de los autos es una alegación de la representación legal de la parte recurrente, presentada el 25 de agosto de 2025, en la cual esbozó sin más: (i) haber intentado presentar el recurso el 22 de agosto de 2025, sin éxito, y (ii) gestiones realizadas el mismo 25 de agosto de 2025, las cuales incluyeron la presentación del recurso fuera de término provisto para ello.

Por otra parte, de los autos no pudimos constatar que existiese documento alguno que acreditara que el recurso fue presentado de la forma que proveen las Directrices Administrativas del SUMAC, para cuando se presentan los inconvenientes identificados por referidas directrices o incluso que se mencionara por la parte recurrente en su escrito. Asimismo, es menester acentuar que las directrices proveen alternativas para los abogados cuando estos enfrentan problemas técnicos a consecuencia de que la plataforma se encuentre averiada o en mantenimiento.[56] En el escrito antes reseñado, la parte aquí recurrente expresó que su problema técnico consistía en una situación relacionada a los epígrafes del escrito.

Dado a todo lo anteriormente expuesto, este Panel coincide en que, aun de haber existido limitaciones técnicas para presentar el recurso, es un hecho indubitado que, con todos los mecanismos que existen en las Directrices para atender las dificultades que puedan suscitarse al momento de cargar un escrito o recurso apelativo, y que están allí provistos, las gestiones allí provistas no fueron

---

[56] Sección XIX de las Directrices Administrativas del SUMAC, *supra.*

realizadas de forma oportuna, más aún, el recurso no fue presentado a tiempo. Según reseñamos en nuestra previa exposición doctrinal, un recurso presentado de manera tardía adolece del grave e insubsanable defecto de falta de jurisdicción, por lo que esta Curia no tiene facultad para atenderlo[57]

A tenor, disponemos que la única alternativa que tenemos es desestimar puesto a que el recurso fue presentado de forma tardía.

IV

Por los fundamentos que anteceden, se *desestima* el recurso de revisión por tardío.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[57] *Julia et al. v. Epifanio Vidal, S.E.,* supra, a la pág. 366.